(143 App. Div. 282.)

PETERSON v. FOWLER et al.

(Supreme Court, Appellate Division, First Department.   March 24, 1911.)

1. Discovery (§ 40*)—Matters as to Which Discovery may be Obtained.
    In an action to restrain the further negotiation of a note, where plaintiff alleged that the note had been given for a specific purpose, and had been wrongfully diverted to the defendant, and the defendant, by counterclaim, sought to enforce the payment of the note, which he claimed to have received for value as a bona fide holder, an examination of the defendant before trial should be allowed to determine the question of his knowledge of the consideration of the note, as plaintiff's defense to the counterclaim is an affirmative one, the burden of proving which is on him.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

2. Discovery (§ 55*)—Deficiencies of Affidavit—Cure.
    The deficiencies of an affidavit of a plaintiff, seeking to secure an examination of the defendant before trial, being supplied by the affidavit of defendant, which clearly shows that he knows the facts sought to be discovered, defects in the plaintiff's affidavit are not ground for denying the examination.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

3. Discovery (§ 43*)—Privilege of Witness—Incriminating Matters.
    It is no ground for refusing the examination of a defendant before trial, who claims to be the bona fide holder for value of a note given for a specific purpose, which was diverted by the holder and came into his hands, to suggest that the examination might convict defendant of complicity with the fraudulent diversion of the note; that being a reason for the examination, and the defendant being in no position to urge his constitutional right to be excused from answering until he is actually asked questions.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 56; Dec. Dig. § 43.*]

Appeal from Special Term, New York County.

Action by Anton Peterson against Frank W. Fowler and others. From an order vacating and setting aside an order for the examination before trial of defendant Charles Alton, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles Trosk, for appellant.
Francis S. Williams, for respondent.

SCOTT, J. Plaintiff appeals from an order vacating an order for the examination before trial of the defendant Alton. The action is to restrain the further negotiation of a promissory note, which plaintiff made and delivered to the defendant Fowler for a specific purpose, as it is alleged, and which Fowler diverted. The note came into the hands of the defendant Alton, who now holds it. He claims to have received it from the defendant Phillips, and to have given value for it. Alton not only defends plaintiff's action, but also seeks by counterclaim to enforce the note. Plaintiff alleges, and seeks to prove by

Alton's examination, that the latter received the note with knowledge that it had been given for a specific purpose and had been diverted, and that he gave no consideration for it. In the nature of things, these matters must be within Alton's knowledge, and there seems to be no just reason why he should not be required to testify. There is no force in the suggestion that plaintiff can use the evidence to be elicited from Alton only by way of defense to the counterclaim. The defense is an affirmative one, the burden of establishing which will rest on plaintiff, and the evidence will also be material to his affirmative case made by the complaint.

It is also objected that plaintiff's affidavit is insufficient. Even if this objection was well founded (and we do not say that it is), the deficiencies of that affidavit would be fully supplied by the affidavit of Alton himself, which clearly shows that he knows the facts. The suggestion that Alton should not be examined, because his answer might serve to convict him of complicity with the fraudulent diversion of the note, is no answer to the order for an examination, but rather suggests that the case is one wherein an examination will promote the ends of justice. When embarrassing questions are put will be quite time enough for the defendant to invoke his constitutional right to be excused from answering.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. A date for the examination to proceed will be inserted in the order, which must be settled on notice. All concur.